UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JOHN C. BRISBIN, an individual, dba CONSTRUCTION DEVELOPMENT SYSTEMS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VULCAN MATERIALS COMPANY, a New Jersey corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | Case No.: 1:11-cv-00568-AWI-SKO<br><br>**STIPULATION TO CONTINUE TRIAL AND RELATED DATES; ORDER THEREON** |
| AND RELATED COUNTERCLAIMS. | |

　　Plaintiff and Counter-Defendant JOHN C. BRISBIN, an individual, dba CONSTRUCTION DEVELOPMENT SYSTEMS ("CDS"), Counter-Defendant WESTERN SURETY COMPANY, a South Dakota corporation ("WESTERN"), and Defendant and Counter-Claimant CALMAT CO., a Delaware corporation, dba VULCAN MATERIALS COMPANY – WESTERN DIVISION ("VULCAN"), hereby agree and stipulate as follows:

**RECITALS**

　　WHEREAS, the Scheduling Order dated July 12, 2011 contained a deadline of October 31, 2011 for the completion of all discovery pertaining to non-experts.

1     WHEREAS, on October 12, 2011, the Parties submitted a Stipulation and Proposed Order requesting to Amend the Scheduling Order to continue the deadline for completion of non-expert discovery from October 31, 2011 to January 31, 2012, which request was granted by the Court on October 17, 2011.

    WHEREAS, on December 29, 2011, the Parties submitted a Stipulation and Proposed Order requesting to Amend the Scheduling Order to continue all deadlines and dates in the case for sixty (60) days. This Stipulation was necessitated by the ill health of Plaintiff John Brisbin, who was going to require surgery. Accordingly, the Parties delayed the depositions which had been scheduled for early December 2011, and a mediation that had been scheduled for December 15, 2011. By Order dated January 4, 2012, the Court granted the Parties' request and established new dates and deadlines, including a new discovery completion date of March 16, 2012.

    WHEREAS, on January 26, 2012, the Parties submitted a Stipulation and Proposed Order requesting to Amend the Scheduling Order to continue all deadlines and dates in the case for sixty (60) days. This Stipulation was necessitated by the continued ill health of Plaintiff John Brisbin, who was required to undergo chemotherapy and radiation treatments. Accordingly, the Parties delayed the depositions and rescheduled mediation to April 18, 2012. By Order dated February 3, 2012, the Court granted the Parties' request and established new dates and deadlines, including a new discovery completion date of May 16, 2012.

    WHEREAS, on May 11, 2012, the Parties submitted a Stipulation and Proposed Order requesting to Amend the Scheduling Order to continue the deadline for completion of discovery, which request was granted by the Court on May 15, 2012.

    WHEREAS, CDS, WESTERN and Vulcan participated in a Mandatory Settlement Conference before the Court on July 17, 2012 and, in anticipation of potentially resolving the dispute between them, held off on taking expert witness depositions in the hopes of resolving the dispute without further expenditures of costs and fees.

///

WHEREAS, during the Mandatory Settlement Conference before the Court on July 17, 2012, it was disclosed to the Court and to counsel for Vulcan that based upon the medical condition of Plaintiff John Brisbin and setbacks suffered as a result of continued side effects of chemotherapy and radiation treatments to combat cancer, Plaintiff would be seeking a continuance of the trial date currently scheduled for November 27, 2012.

WHEREAS, the Court indicated at the Mandatory Settlement Conference that it would review the request for continuance of the trial by Plaintiff upon a showing of good cause.

WHEREAS, declarations of Plaintiff John Brisbin and Cross-Defendant Western Surety Company are attached hereto and incorporated herein as though set forth at length as Exhibits A and B in support of Plaintiff John Brisbin's request to continue the trial;

WHEREAS, Plaintiff John Brisbin seeks a continuance of the trial date of November 27, 2012, to March 26, 2013, and in accord with the Court's calendar;

WHEREAS, each of the Parties has asserted that the other Parties' Expert Witness Disclosure is deficient and does not satisfy the requirements of F.R.C.P. 26(a)(2)(C), and the Parties have agreed that supplemental disclosures are appropriate.

WHEREAS, VULCAN does not oppose the requested continuance upon this Court's finding of good cause to continue the trial.

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between CDS, WESTERN and VULCAN as follows:

1. If this Court finds good cause to continue the trial as requested by Plaintiff John Brisbin, the Parties stipulate to a continued trial date in late March 2013, in accord with the Court's calendar.

2. Counsel for CDS, WESTERN and VULCAN respectfully request a teleconference with the Court for the purpose of scheduling new dates based on the new trial date, including the

Pre-Trial Conference, Mandatory Settlement Conference, service of supplemental expert disclosures, and the deadline for completion of expert witness depositions.

Dated: August 16, 2012

LANG, RICHERT & PATCH, P.C.

By: /s/ Matthew W. Quall
   Matthew W. Quall
   Attorneys for Plaintiff and
   Counter-Defendant JOHN C.
   BRISBIN, an individual, dba
   CONSTRUCTION DEVELOPMENT
   SYSTEMS

Dated: August 16, 2012

LIPSCHULTZ & SCHERAGO LLP

By: /s/ James D. Lipschultz
   James D. Lipschultz
   Attorneys for Defendant and Counter-
   Claimant CALMAT CO., a Delaware
   corporation, dba VULCAN MATERIALS
   COMPANY – WESTERN DIVISI

**ORDER**

The Court finds good cause to continue the trial and Pre-Trial Conference as well as the remainder of the scheduling deadlines. As a result, the trial shall be continued to March 26, 2012, and the Pre-Trial Conference shall be continued to January 29, 2012, to comport with Judge Ishii's calendar.

The parties requested a telephonic conference to reset the remainder of the scheduling dates; however, it is more efficient for the parties to meet and confer and propose dates for the remainder of the deadlines. A further settlement conference is currently set for October 9, 2012, but Plaintiff has indicated by declaration that his medical condition precludes him from all

activities for at least the next 90 days. Thus, the settlement conference currently set for October 9, 2012, is vacated and will be reset. The following dates are currently available for a settlement conference before Magistrate Judge Oberto: November 29, 2012, at 10:30 a.m. or January 8, 2013, at 10:30 a.m. The parties should inform the Court of their availability on those dates as soon as possible. As it relates to deadlines for expert disclosures and expert witness depositions, the parties should meet and confer and jointly propose deadlines to the Court.

Based upon the stipulation of the parties and good cause appearing therefrom, IT IS HEREBY ORDERED that:

1. Trial currently set for November 27, 2012, is **CONTINUED to March 26, 2013**;
2. The Pre-Trial Conference currently set for is **CONTINUED to January 29, 2013, at 8:30** a.m. in Courtroom 2 before Chief District Judge Ishii;
3. The Settlement Conference currently set for October 9, 2012, is VACATED and shall be reset once the parties have had an opportunity to meet and confer regarding their availability on November 29, 2012, or January 8, 2013; and
4. By no later than **August 31, 2012**, the parties shall meet and confer and file a further stipulation or statement regarding the remaining deadlines in the case, as discussed above.

IT IS SO ORDERED.

Dated:   **August 24, 2012**                      **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE