# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. BRISBIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALMAT CO.,<br><br>　　　　Defendant.<br>_____<br><br>AND RELATED ACTIONS<br>_____/ | CASE NO. 1:11-cv-00568 AWI SKO<br><br>ORDER re SETTLEMENT CONFERENCE |

This case had been scheduled for a Settlement Conference on March 8, 2013.  (Doc. 40.)  Pursuant to the Court's December 6, 2012, Order re Settlement Conference, the parties were required to submit Confidential Settlement Conference Statements ("Settlement Statements") to the Court by no later than five (5) business before the Settlement Conference, i.e., by no later than March 1, 2013.  (*See* Doc. 36, 1:25-2:3.)

On February 28, 2013, Defendant/Counter-Claimant Calmat DBA Vulcan Materials Company ("Calmat") submitted its Settlement Statement, and on March 1, 2013, Counter-Defendant Western Surety Company ("Western Surety") submitted its Settlement Statement.  (*See* Docs. 45, 46.)  Plaintiff/Counter-Defendant John C. Brisbin, an individual and DBA Construction Development Systems, ("Brisbin") did not submit a Settlement Statement, and thus failed to comply with the Court's December 6, 2012, Order re Settlement Conference.

On March 6, 2013, an informal telephonic conference regarding the scheduled March 8, 2013, Settlement Conference was held in chambers and off the record before Magistrate Judge Sheila K. Oberto.  Due to Brisbin's failure to comply with the requirements set forth in the

Court's December 6, 2012, Order re Settlement Conference, the Settlement Conference scheduled for March 8, 2013, was CONTINUED to March 29, 2013, at 9:30 a.m. in Courtroom 7 at the U.S. District Court, 2500 Tulare Street, Fresno, California, 93721, before Magistrate Judge Sheila K. Oberto.

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Accordingly, IT IS HEREBY ORDERED that:

### 1. Pre-settlement Conference Exchange of Demand and Offer

A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Brisbin failed to provide a written settlement proposal and failed to respond to Calmat's settlement demand as required in the Court's December 6, 2012, Order re Settlement Conference. (*See* Doc. 36, 1:17-24.)

Accordingly, counsel for Brisbin SHALL provide to counsel for Calmat, by no later than March 12, 2013, *a written itemization of damages and a settlement demand* with a brief summary of the legal and factual basis supporting the demand, as well as *a written response and offer to the settlement demand made by Calmat*.

By no later than March 19, 2013, counsel for Calmat shall submit a written response to the demand and offer made by counsel for Brisbin with a brief summary of the legal and factual basis supporting the response.

### 2. Submission and Content of Confidential Settlement Conference Statements

Brisbin SHALL send a Settlement Statement and Calmat SHALL send a revised Settlement Statement to the following email address: SKOorders@caed.uscourts.gov, by no later than March 22, 2013. Additionally, each party shall file a Notice of Submission of Confidential Settlement Conference Statement (See Local Rule 270 (d)). Western Surety is not required to resubmit a Settlement Statement unless there are revisions to the contentions set forth in its prior Settlement Statement.

Settlement Statements must be typed and double spaced.  Each Settlement Statement *shall include the following*:

    a.    A brief summary of the core facts, allegations, and defenses.

    b.    A summary of the proceedings to date.

    c.    An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    d.    The nature of the relief sought.

    e.    An outline of past settlement efforts including information regarding the "Pre-settlement Conference Exchange of Demand and Offer" required above (including the itemization of damages), and a history of past settlement discussions, offers, and demands.

    f.    A statement of each party's expectations and goals for the Settlement Conference.

**3.    Attendance of Trial Counsel and Parties Required**

*The attorneys who will try the case and parties with full and complete settlement authority are required to personally attend the conference.*[1]  An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has *authority to settle the matter up to the limits of the opposing parties' existing settlement demand.*  An uninsured corporate party shall appear by a representative authorized to negotiate, and who has *authority to settle the matter up to the amount of the opposing parties' existing settlement demand or offer.*

It is difficult for a party who is not present to appreciate the process and the reasons that

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

may justify a change in one's perspective toward settlement. Accordingly, having a client with authority available by telephone is *not* an acceptable alternative, except under the most extenuating circumstances.[2] Absent truly good cause, i.e., a medical emergency, a party's failure to personally appear at the Settlement Conference as ordered may result in the **imposition of sanctions**.

The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to discover creative means for resolving the dispute.

**4.   Issues to Be Discussed**

The parties *shall* be prepared to discuss the following at the settlement conference:

   a.   Goals in the litigation and problems they would like to address in the settlement conference and understanding of the opposing side's goals.

   b.   The issues (in and outside the lawsuit) that need to be resolved.

   c.   The strengths and weaknesses of their case.

   d.   Their understanding of the opposing side's view of the case.

   e.   Their points of agreement and disagreement (factual and legal).

   f.   Any financial, emotional, and/or legal impediments to settlement.

   g.   Whether settlement or further litigation better enables the accomplishment of their respective goals.

   h.   Any possibilities for a creative resolution of the dispute.

**5.   Statements Inadmissible**

The parties are expected to address each other with courtesy and respect, and are

///

---

[2] Out of town or out of state travel and the purchase of an airplane ticket are not extenuating circumstances.

encouraged to be frank and open in their discussions.  Statements made by any party during the settlement conference are not to be used in discovery and will not be admissible at trial.

IT IS SO ORDERED.

**Dated:   March 7, 2013**                                /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE