# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. BRISBIN, an individual, dba CONSTRUCTION DEVELOPMENT SYSTEMS,<br><br>Plaintiff,<br><br>v.<br><br>CALMAT CO, dba VULCAN MATERIALS COMPANY - WESTERN DIVISION,<br><br>Defendant<br><br>AND RELATED ACTIONS. / | CASE NO. 1:11-cv-00568-AWI-SKO<br><br>**ORDER RE: PLAINTIFF'S EX PARTE APPLICATION TO MODIFY ORDER AND/OR ENLARGE TIME TO RESPOND**<br><br>(Docket No. 49) |

## I. INTRODUCTION

On March 13, 2013, Plaintiff/Counter-Defendant John C. Brisbin, an individual and DBA Construction Development Systems, ("Brisbin"), filed an Ex Parte Application to Modify Order and/or Enlarge Time to Respond. (Doc. 49.) For the reasons set forth below, the Court VACATES the Settlement Conference set for March 29, 2013.

## II. DISCUSSION

This case had been scheduled for a Settlement Conference on March 8, 2013. (Doc. 40.) Pursuant to the Court's December 6, 2012, Order re Settlement Conference, Defendant/Counter-Claimant Calmat DBA Vulcan Materials Company ("Calmat") and Counter-Defendant Western Surety Company ("Western Surety") submitted Confidential Settlement Conference Statements ("Settlement Statement"); however, Plaintiff/Counter-Defendant John C. Brisbin, an individual and DBA Construction Development Systems, ("Brisbin") failed to submit a Settlement Statement. (*See* Docs. 45, 46.) As such, an informal telephonic conference was held on March 6, 2013, and the Settlement Conference was continued to March 29, 2013. (Doc. 47.)

1  On March 7, 2013, the Court issued an Order re Settlement Conference, ordering Brisbin to
2 "provide to counsel for Calmat, by no later than March 12, 2013, *a written itemization of damages*
3 *and a settlement demand* with a brief summary of the legal and factual basis supporting the demand,
4 as well as *a written response and offer to the settlement demand made by Calmat*." (Doc. 48,
5 2:12-15.) Calmat was ordered to submit a written response to Brisbin's demand by no later than
6 March 19, 2013, and Brisbin and Calmat were ordered to provide Settlement Statements to the Court
7 by no later than March 22, 2013. (Doc. 48, 2:12-22.)

8  On March 13, 2013, the day after his written statement of damages, settlement demand, and
9 response were to have been provided to Calmat, Brisbin filed the instant ex parte application seeking
10 to modify the Court's March 7, 2013, Order re Settlement Conference. (Doc. 49.) Brisbin requests
11 that the date for providing the required information to Calmat be extended to March 19, 2013, and
12 that Calmat's time to respond be extended to March 22, 2013. (Doc. 49, 1:23-26.) Brisbin's counsel
13 indicates that Brisbin "has been unable to devote any time to the preparation of the written
14 itemization of damages and settlement demand" due to other business concerns. (Doc. 49, 1:26-2:3.)
15 The ex parte application further provides that, "[w]hatever happens regarding Mr. Brisbin's
16 availability, Mr. Brisbin's counsel *will make best efforts* and will serve a written itemization of
17 damages and settlement demand based on the information available to him on or before March 19,
18 2013[,] and a Settlement Conference Statement on or before March 22, 2013." (Doc. 49, 2:16-21
19 (emphasis added).)

20  On March 15, 2013, Calmat responded to Brisbin's ex parte application, indicating that
21 Brisbin had over two months to prepare for the Settlement Conference and continues to fail to
22 comply with Court orders. (Doc. 51.) Calmat requests that, if the Court is inclined to grant Brisbin's
23 request, that all the documents be ordered to be served via email on the day the request is granted.
24 (Doc. 51, 2:14-16.)

25  Calmat correctly notes that Brisbin has had sufficient time to provide the Court ordered
26 information required for a Settlement Conference. The Court initially issued its Order re Settlement
27 Conference on December 6, 2012. (Doc. 36.) As such, Brisbin has actually had *over three months*
28

1 to prepare for the Settlement Conference, and yet has not provided the required information to
2 Calmat.

3     Counsel for Brisbin is reminded that it was his failure to comply with the Court's December
4 6, 2012, Order re Settlement Conference that necessitated the continuance of the Settlement
5 Conference date, and that the March 29, 2013, date was selected specifically based on his availability
6 and representation that he would be able to comply with the new deadlines established by the Court.
7 Brisbin and his counsel have again failed to comply with the Court's order setting deadlines
8 regarding the Settlement Conference, and the indication that they will make "best efforts" to supply
9 the ordered information is simply insufficient. Brisbin's counsel's failure to comply with deadlines
10 *set at his request* creates an unfair burden on both opposing counsel and the Court and is not
11 acceptable.

12     The Court finds that it is unlikely that a Settlement Conference would be productive at this
13 time, as Brisbin has shown that the inability or unwillingness to comply with repeated Court orders
14 to provide the required information to either opposing counsel or to the Court. Accordingly, the
15 Court VACATES the Settlement Conference set for March 29, 2013. Should the parties wish to
16 reschedule the Settlement Conference, Brisbin must expressly set forth the intent to engage in
17 *serious settlement discussions*. If Brisbin is able and willing to do so, counsel for Brisbin should
18 meet and confer with counsel for the remaining parties and propose dates and deadlines that he is
19 able to meet.

20     The parties are reminded that the pretrial conference is scheduled for June 26, 2013, and the
21 trial is set for August 20, 2013. No further continuances will be granted in this case absent truly
22 good cause.

### III. CONCLUSION AND ORDER

24     Accordingly, IT IS HEREBY ORDERED that the Settlement Conference set for March 29,
25 2013, is VACATED.

26 IT IS SO ORDERED.

27 **Dated:   March 19, 2013**           **/s/ Sheila K. Oberto**
                                                                 UNITED STATES MAGISTRATE JUDGE
28