# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. BRISBIN, an individual, dba CONSTRUCTION DEVELOPMENT SYSTEMS,<br><br>Plaintiff,<br><br>v.<br><br>CALMAT CO, dba VULCAN MATERIALS COMPANY - WESTERN DIVISION,<br><br>Defendant,<br>_____<br><br>AND RELATED ACTIONS. | CASE NO. 1:11-cv-00568-AWI-SKO<br><br>**ORDER DENYING CALMAT'S MOTION TO COMPEL ATTENDANCE AT DEPOSITION AND REQUEST FOR SANCTIONS**<br><br>(Docket No. 53) |

## I. INTRODUCTION

On June 17, 2013, Defendant/Counter-Claimant Calmat DBA Vulcan Materials Company ("Calmat") filed a Motion for Order Compelling Attendance at Depositions and Request for Sanctions, seeking an order compelling the attendance at depositions of the expert witnesses designated by Plaintiff/Counter-Defendant John C. Brisbin, an individual and DBA Construction Development Systems, ("Brisbin"). On June 27, 2013, Brisbin filed a Statement of Non-Opposition. (Doc. 59.) For the reasons set forth below, Calmat's motion is DENIED.

1

## II. RELEVANT PROCEDURAL HISTORY

On July 12, 2011, the Court issued a scheduling order setting a non-expert discovery deadline of October 31, 2011, an expert discovery deadline of January 31, 2012, a non-dispositive motion filing deadline of January, 23, 2012, a dispositive motion filing deadline of February 29, 2012, a settlement conference date of March 6, 2012, a pre-trial conference date of May 23, 2012, and a trial date of July 17, 2012. (Doc. 13.)

On October 12, 2011, the parties filed a stipulation requesting to amend the scheduling order, which was approved by the Court on October 17, 2011. (Docs. 15, 16.) As such, the non-expert discovery deadline was continued to January 31, 2012; no other provisions of the July 12, 2011, scheduling order were modified. (Doc. 16.)

On December 29, 2011, the parties filed a stipulation requesting to amend the scheduling order and continue all deadlines by 60 days to allow the parties to engage in mediation. (Doc. 18.) On January 5, 2012, the Court approved the request and continued the dates; the non-expert and expert discovery deadlines were set for March 16, 2012, the non-dispositive motion filing deadline was set for March 21, 2012, the dispositive motion filing deadline was set for April 27, 2012, the settlement conference was set for May 17, 2012, the pre-trial conference was set for July 25, 2012, and the trial was set for September 18, 2012. (Doc. 19.)

On January 26, 2012, the parties filed a stipulation seeking to amend the scheduling order due to Plaintiff's health issues; the Court approved the request on February 3, 2012, and set a new schedule. (Docs. 20, 21.) The non-expert and expert discovery deadlines were continued to May 16, 2012, the non-dispositive motion filing deadline was continued to May 21, 2012, the dispositive motion filing deadline was continued to June 27, 2012, the settlement conference was continued to July 17, 2012, the pre-trial conference was continued September 26, 2012, and the trial date was continued to November 27, 2012. (Doc. 21.)

On May 11, 2012, the parties filed a stipulation requesting amendment to the scheduling order due to Plaintiff's ongoing health concerns. (Doc. 22.) After conferring with the parties (Doc. 23), the Court issued a new scheduling order continuing the non-expert discovery to June 8, 2012, setting the expert disclosure deadline on June 15, 2012, the rebuttal expert disclosure

deadline for June 29, 2012, and continuing the expert discovery deadline to July 31, 2012. (Doc. 24.) All other deadlines remained unchanged. (Doc. 24.)

On August 16, 2012, the parties filed a stipulation to continue the trial and other related dates due to Plaintiff's continued health issues. (Doc. 30.) On August 24, 2012, the Court issued an order that continued the pre-trial conference to January 29, 2013, and the trial to March 26, 2013. (Doc. 31.) The parties were ordered to meet and confer and to file a stipulation regarding the continuance of the remaining deadlines in the case. (Doc. 31.)

On August 29, 2012, the parties filed a stipulation to reset the settlement conference date and extend remaining trial deadlines. (Doc. 32.) On September 4, 2012, the Court approved the parties' request and ordered that the parties exchange supplemental expert disclosures on or before October 1, 2012, that expert discovery be completed by December 14, 2012, and that the settlement conference be continued to January 8, 2013. (Doc. 33.) No other dates or deadlines were continued.

On January 2, 2013, the parties filed a stipulation to continue the settlement conference, which was approved by the Court on January 3, 2013. (Docs. 39, 40.) The settlement conference was continued to March 8, 2013; no other dates or deadlines were modified. (Doc. 40.) On January 28, 2013, the parties filed a stipulation seeking to continue the pre-trial conference and trial dates due to Plaintiff's health; on January 31, 2013, the Court ordered the schedule modified and continued only the pre-trial conference date to June 26, 2013, and the trial date to August 20, 2013. (Docs. 42, 44.) No other schedule modifications were made. (Doc. 44.)

On March 6, 2013, the Court continued the settlement conference scheduled for March 8, 2013, to March 29, 2013, due to Brisbin's failure to comply with the requirements set forth in the Court's December 6, 2012, Order re Settlement Conference. (Docs. 47, 48.) On March 19, 2013, the Court vacated the settlement conference due to Brisbin's continued failure to comply with the Court's Order re Settlement Conference. (Doc. 52.)

On June 26, 2013, a pre-trial conference was held before District Judge Ishii, and the trial was continued to November 13, 2013. (Docs. 57, 58.)

3

The Court recognizes that there were numerous schedule modifications requested and granted due to mediation efforts, Plaintiff's health issues, and Plaintiff's failure to comply with Court orders. However, the above referenced orders provide that the current schedule consists of the following dates and deadlines: the non-expert discovery deadline was May 16, 2012, (Doc. 21), the expert discovery deadline was December 14, 2012, (Doc. 33), the pre-trial conference was held on June 26, 2013, (Doc. 44), and the trial date is set for November 13, 2013, (Doc. 57, 58). There is no settlement conference currently scheduled. (Doc. 52.)

The parties did not request any continuances of the expert discovery deadline of December 14, 2012, after it was set; the only continuances requested after that time concerned the settlement conference, the pre-trial conference, and the trial. (Docs. 39, 42, 49.) Pursuant to the parties' stipulated agreement and the Court's order setting the schedule, expert discovery closed on December 14, 2012. (Doc. 33.)

### III.   DISCUSSION

Calmat's motion seeks to compel depositions of Brisbin's expert witnesses and seeks monetary sanctions against Brisbin and his attorney. (Doc. 53.) Calmat indicates that, when the settlement conference was scheduled for January 8, 2013, the parties "agreed to withhold taking expert depositions until after the Settlement Conference." (Doc. 53, 4:17-18.) After the Court ordered on March 19, 2013, that the settlement conference scheduled for March 29, 2013, be vacated, on April 25, 2013, Calmat noticed the depositions of Brisbin's experts for May 13-14, 2013. (Doc. 52, Doc. 53, 5:4-12.)

On May 2, 2013, Brisbin's counsel informed Calmat's counsel that Brisbin's counsel would be unable to conduct depositions as scheduled; the depositions were continued and re-noticed for June 6-7, 2013. (Doc. 53, 5:14-6:13.) Brisbin's counsel contacted Calmat's counsel to inform counsel that Brisbin's experts would not be available for deposition; no explanation was provided for the unavailability, nor was the unavailability confirmed in writing. (Doc. 53, 6:15-19.) After discussion between counsel, depositions were rescheduled for June 13, 2013, but canceled by Brisbin on June 12, 2013. (Doc. 53, 7:21-8:17.) Calmat's counsel discovered that

one of Brisbin's experts was available and could have attended the June 13, 2013, deposition. (Doc. 53, 9:20-25.)

Calmat contends that Brisbin "has willfully and deliberately failed and refused to appear for his expert deposition and deliberately refused to allow his designated experts to be deposed." (Doc. 53, 10:2-4.) Calmat seeks to compel the depositions or, alternatively, bar Brisbin from calling any expert witnesses at trial, and seeks monetary sanctions in the amount of $3,400. (Doc. 53.)

Brisbin filed a Statement of Non-Opposition stating that Calmat is entitled to take expert depositions and proposes new dates for the depositions to take place. (Doc. 59.) Brisbin raises no objections to Calmat's motion. (Doc. 59.) However, expert discovery closed in this case on December 14, 2012. (Doc. 33.) The parties did not seek to continue the expert discovery deadline from that date, and Calmat did not request a schedule modification in its motion. Further, Calmat has not shown good cause to modify the schedule, and its motion is untimely. As such, for the reasons set forth below, the Court cannot grant Calmat the relief sought and the motion is DENIED.

**A.      Legal Standard for Adherence to the Scheduling Order**

Districts courts "must issue a scheduling order" in civil actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1),(3). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co*., 795 F.2d 15, 18 (3rd Cir. 1986). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610 (internal quotation marks and citation omitted).

The Ninth Circuit has established that Rule 16 deadlines must be taken seriously and that the district court:

> needs the authority to manage the cases before it efficiently and effectively. In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *see also Singh v. Arrow Truck Sales, Inc.*, No. 2:05-CV-2564-GEB-KJM, 2006 WL 1867540, at *2 (E.D. Cal., July 5, 2006) ("Rules are rules – and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance" (*citing Legault v. Zambrano*, 105 F.3d 24, 28-29 (1st Cir. 1997)).

The Ninth Circuit has deemed Rule 16 to be an essential tool in controlling heavy trial court dockets by recognizing the importance of a "district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the [party's] prior discovery efforts were not diligent." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Id*. As the Ninth Circuit explained, "[d]istrict courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion." *Id*. (citation and internal quotation marks omitted).

**B.  The Motion is Untimely**

Though the Federal Rules of Civil Procedure place no time limit on the outside date for the filing of a motion to compel discovery, motions to compel filed after the close of discovery generally are deemed untimely. *See, e.g., Watts v. Allstate Indem. Co*., No. 2:08–cv–01877 LKK KJN, 2012 WL 5289314, at 2 (E.D. Cal., October 23, 2012) ("Motions to compel . . . discovery

had to have been heard 30 days before [the discovery] cutoff in order for discovery to be completed by the cutoff."); *Clinton v. California Dep't of Corr.,* No. CIVS05-1600-LKKCMKP, 2009 WL 1308984 (E.D. Cal. May 11, 2009) *objections overruled*, No. CIV.S-05-1600LKK CMK, 2009 WL 1617811, at *7 (E.D. Cal. June 9, 2009) ("[A]ll motions to compel were to be filed by the close of discovery. Therefore, any discovery requests propounded and any motions to compel filed after that date are untimely.").

Here, expert discovery closed on December 14, 2012, and Calmat's motion was filed on June 17, 2013. (Docs. 33, 53.) As such, Calmat's motion, filed more than six months after the expert discovery deadline, is untimely.

**C.     The Parties Have Not Requested Modification of the Schedule**

The expert discovery deadline in this action was December 14, 2012, the pre-trial conference took place on June 26, 2013, and the trial is set for November 13, 2013. (Docs. 33, 44, 57.) Despite the fact that expert discovery closed in this action on December 14, 2012, Calmat's motion is seeking to compel depositions of Brisbin's expert witnesses.

When granting a motion to compel discovery would require amendment to the scheduling order, a parties' failure to seek modification of the scheduling order is a sufficient reason to deny the motion. *See Johnson*, 975 F.2d at 608-09 (noting a court could properly deny relief that would require amendment to the scheduling order solely because a party failed to request modification to the scheduling order); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985), *superseded by statute on other grounds*, S*impson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir.1996) (finding that the court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made).

Here, neither party requested modification of the scheduling order to continue the expert discovery deadline beyond December 14, 2012. Since the Court cannot grant Calmat effective relief without amending the scheduling order and reopening expert discovery, the motion can be denied on that basis alone.

1  The Court recognizes that the parties "agreed to withhold taking expert designations until after the Settlement Conference" scheduled for January 8, 2013. (Doc. 53, 4:16-18.) However, this date was past the expert discovery deadline of December 14, 2012, and neither party sought approval from the Court to modify the schedule to continue the expert discovery deadline. Further, "[a] schedule may be modified only for good cause *and with the judge's consent*." Fed. R. Civ. P. 16(b)(4) (emphasis added). The parties failed to seek the Court's consent. As such, the schedule was not modified to account for the parties' agreement, and expert discovery closed on December 14, 2012. (Doc. 33.)

### D. Calmat Failed to Show Good Cause to Amend the Scheduling Order

As noted, a party must show good cause to modify the schedule. *See* Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. (internal citation and quotation marks omitted).

Good cause may be found to exist where the moving party shows, for example, that it: (1) diligently assisted the court in recommending and creating a workable scheduling order, s*ee In re San Juan Dupont Plaza Hotel Fire Litig*., 111 F.3d 220, 228 (1st Cir. 1997), (2) is unable to comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable at the time of the scheduling order, see *Johnson*, 975 F.3d at 609, and (3) was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order, see *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996); *see also Jackson v. Laureate, Inc*., 186 F.R.D. 605, 608 (E.D. Cal. 1999). "If [the] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

Here, Calmat has not been diligent. As discussed above, neither party sought to extend the December 14, 2012, expert discovery deadline, nor does Calmat's motion request to modify the schedule. Although the parties apparently agreed to hold these depositions after the settlement conference, they did not seek a court order to continue the expert discovery deadline. Further, the settlement conference was vacated by the Court on March 19, 2013 (Doc. 52), but

8

1   Calmat waited over a month until April 25, 2013, to serve notices of taking depositions for May
2   13 and 14, 2013. (Doc. 53, 5:9-12.)
3       Calmat's motion acknowledges that there were issues regarding these depositions for the
4   past several months (Doc. 53, 5:14-10:5), but did not file the motion until June 18, 2013, and
5   scheduled the hearing for July 3, 2013 – one week *after* the pretrial conference date of June 26,
6   2013. As such, Calmat was seeking to conduct further discovery after the pre-trial conference
7   was held. While the trial has now been continued to November 13, 2013, the expert discovery
8   deadline closed more than six months ago, and it is far too late into the schedule to seek to
9   compel discovery. (Doc. 33.)
10       In sum, Calmat has failed to explain its delay in seeking to compel the depositions and, as
11   such, cannot show that it has been diligent in seeking amendment to the schedule. Thus Calmat
12   failed to show good cause to modify the schedule to allow additional time for discovery. For the
13   reasons set forth above, Calmat's motion is DENIED. Brisbin does not oppose Calmat's motion
14   and acknowledges that Calmat is entitled to conduct expert depositions. (Doc. 59.) As such, the
15   Court encourages the parties to reach an agreement between them to conduct the depositions; the
16   Court will not, however, compel the depositions for the reasons set forth in this order.

### IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Calmat's Motion to Compel Attendance at Depositions and Request for Sanctions is DENIED; and
2. The hearing scheduled for July 3, 2013, is VACATED.

IT IS SO ORDERED.

Dated:   **June 28, 2013**                **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE