1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

10

11  JOHN C. BRISBIN dba CONSTRUCTION )      1:11-cv-00568-AWI-SKO
    DEVELOPMENT SYSTEMS,             )
12                                   )      AMENDED PRETRIAL ORDER
                     Plaintiff,      )
13                                   )      Motions In Limine Hearing and
           v.                        )      Trial Confirmation:
14                                   )          October 28, 2013
    VULCAN MATERIALS COMPANY;        )          1:30 p.m., Courtroom 2
15  and DOES 1-100, inclusive,       )
                                     )      Trial:  November 13, 2013
16                   Defendants.     )              8:30 a.m., Courtroom 2
    ─────────────────────────────────)
17  UNITED STATES OF AMERICA for     )      RULES OF CONDUCT
    use and benefit of CALMAT CO. dba )
18  VULCAN MATERIALS COMPANY –       )
    WESTERN DIVISION; CALMAT CO.,    )
19  dba VULCAN MATERIALS COMPANY     )
    – WESTERN DIVISION,              )
20                                   )
                     Counter-claimant )
21                   and Use Counter- )
                     Claimant,       )
22                                   )
           v.                        )
23                                   )
    JOHN C. BRISBIN dba CONSTRUCTION )
24  DEVELOPMENT SYSTEMS;             )
    WESTERN SURETY COMPANY,          )
25                                   )
                     Counter-defendants. )
26  ─────────────────────────────────)

27

28  The pretrial conference was held on Wednesday, June 26, 2013.  The trial in this matter is set for

Wednesday, November 13, 2013.  The parties currently estimate that the trial shall take six (6) days.

**I.  Jurisdiction and Venue**

There are no disputes regarding jurisdiction or venue in this action.

**II.  Jury Trial**

The parties request a jury trial on all triable issues.

**III.  Facts**

     **A.  Undisputed Facts**

1.    Plaintiff/Cross-defendant John C. Brisbin is an individual residing and conducting business in the County of Fresno, State of California, and does business under the fictitious business names of Construction Development Systems ("CDS").

2.    Defendant/Cross-complainant CalMat Co. is a Delaware corporation which does business in the State of California under fictitious name of Vulcan Materials Company - Western Division ("Vulcan").

3.    Cross-defendant Western Surety Company ("Western") is a South Dakota corporation which conducts business in the State of California as a corporate surety.

4.    In March 2009, CDS entered into a written contract with the Untied States Department of Federal Highways Administration ("FHWA") to construct a federal work of improvement known as the "General Highway Road Rehabilitation, Sequoia National Park."

5.    The Contract between CDS and the FHWA is identified as Contract Number DTFH68-09-C-00013. Pursuant to 40 U.S.C. Section 3131 et seq. (The Miller Act"), CDS, as contractor, was required to execute and deliver to the FHWA a payment bond with respect to the Project.

6.    On or about March 20, 2009, CDS, as principal, and Western, as surety, executed and

1   delivered to the FHWA, Payment Bond Number 58638739("Payment Bond").

2   **B.  Disputed Facts**

3   **I. Brisbin/CDS**

4   1.   Vulcan disputes every claim by Brisbin in any way relating to "Assured but Unapplied

5   Credits" and "Set-offs."  Brisbin denies that Vulcan is entitled to any recovery of attorney's

6   fees.

7   2.   Whether Vulcan provided materials that met all specifications.

8   **ii. Vulcan**

9   1.   Vulcan disputes each and every claim by plaintiff CDS in its complaint for "assured but

10   unapplied credits" and "set-offs."  Vulcan contends that each of these items is wholly without

11   merit.

12   **iii. Western**

13   1.   Western is aware from Vulcan's separate pre-trial conference statement that it disputes each

14   and every claim by plaintiff CDS described as "assured but unapplied credits" and "set-offs."

15   As the bond issuer, Western adopts the position of its bond principal as to its credits and

16   setoffs because, if proved, they will reduce the amount for which Western might otherwise

17   be obligated under its bond obligation.

18   **C.  Disputed Evidentiary Issues**

19   None.

20   **D.  Special Factual Information**

21   Pursuant to Local Rule 16-281(b)(6), the following special factual information pertains to this action:

22

23   **Brisbin/CDS:** Vulcan contends that the contract between the parties consists of the Credit

24   Application, price quotation and subsequent modifications.  Brisbin contends that he is entitled to

25   Set-Offs and Assured but Unapplied Credits.  Brisbin contends that there were misrepresentations

26   regarding pricing and credits.  Brisbin contends that Vulcan breached the contract by failing to apply

27

28                                                3

the Assured by Unapplied Credits and the Set-Offs.  The amount of damages is in dispute.

**Vulcan**: Vulcan contends that the contract consists of the terms and conditions contained in the credit application dated March 20, 2002 and the specific price for the materials contained in the quotation from Vulcan to CDS, and the subsequent modifications agreed upon by the parties. Vulcan contends there that there were no misrepresentations of fact, mistakes or other matter affecting the validity of the contract.  Vulcan contends that CDS breached the contract by failing to pay Vulcan for the invoices sent to CDS for the deliveries of materials for use in the construction of the Project.  Vulcan believes that there was no issues relating to waiver or estoppel.  Vulcan is seeking damages from CDS.  The damages sustained by Vulcan are the principal amount of $385,755.73, together with interest thereon at the rate of 1.5% per month, attorneys's fees and costs.

**Western:** As the bond surety, Western adopts the position of its bond principal with respect to all claims against Vulcan which, if proved, reduce or eliminate the amount of money which Vulcan claims is otherwise due it by Plaintiff and Western.

**IV.  Relief Sought**

    **A. Brisbin/CDS**

Vulcan's cross-complaint seeks the principal amount of $385,755.73, together with interest thereon at the rate of 18% per annum, attorneys' fees and costs of suit against CDS and Western.  Brisbin contends that he does not owe any money to Vulcan. Vulcan also requests the dismissal with prejudice of CDS's complaint.

    **B. Vulcan**

Vulcan seeks the principal amount of $385,755.73, together with interest thereon at the rate of 18% per annum, attorneys' fees and costs of suit against CDS and Western.  Vulcan also requests the dismissal with prejudice of CDS's complaint.

**C. Western**

Western adopts the position of its principal that it is not indebted to Vulcan.

**V.  Points of Law**

**A.  Brisbin's/CDS's Contentions**

Brisbin's legal theory against Vulcan is based primarily in breach of contract. Vulcan's legal theory against CDS is based upon breach of contract and common counts for the material delivered by Vulcan to CDS. Vulcan's legal theory against Western is based upon the Miller Act Payment Bond executed by CDS and Western with respect to the subject work of improvement. Vulcan is not aware of any substantive procedural points of law that are expected to be in controversy.

**B.  Vulcan's Contentions**

Vulcan's legal theory against CDS is based upon breach of contract and common counts for the material delivered by Vulcan to CDS.  Vulcan's legal theory against Western is based upon the Miller Act Payment Bond executed by CDS and Western with respect to the subject work of improvement.  Vulcan is not aware of any substantive or procedural points of law that are expected to be in controversy.

**C. Western's Contentions**

Plaintiff's theories of recovery in its complaint against Vulcan are breach of contract, declaratory relief and breach of the covenant of good faith and fair dealing.  At this time Western is not aware of any substantive or procedural points of law that are expected to be in controversy.

**VI. Abandoned Issues**

None.

**VII. Witnesses**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and

5

impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS STIPULATED TO BY THE PARTIES OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(10).

**A.  Brisbin's/CDS's Witnesses**

1.   Angela Bailey, Vulcan Materials Company

2.   Marcos Galaviz, Vulcan Materials Company

3.   Gary Dunkel, Vulcan Materials Company

4.   Rita Leahy

5.   Don Berry, Don Berry Construction

6.   Ian Beatty, Krazen & Associates

7.   Scott Wolfert, Federal Highways Administration

8.   Chris Franks, West Coast Sand & Gravel

9.   John C. Brisbin

10.   Brian Hall

11.   Tim Kempkes

**B.  Vulcan's Witnesses**

1.   Angela Bailey, Vulcan Materials Company

2.   Marcos Galaviz, Vulcan Materials Company

3.   Gary Dunkel, Vulcan Materials Company

4.   Rita Leahy

5.   Don Berry, Don Berry Construction

6.   Ian Beatty, Krazen & Associates

7.   Scott Wolfert, Federal Highways Administration

8.   Chris Franks, West Coast Sand & Gravel

**C. Western's Witnesses**

6

1.      John Brisbin

2.      Brian Hall

3.      Tim Kempkes

4.      Any witness named in Brisbin's/CDS's witness list

## VIII.  Exhibits

The following is a list of documents or other exhibits that the parties expect to offer at trial.  NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS STIPULATED TO BY THE PARTIES OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(11).

### A.  Brisbin's/CDS's Exhibits

Brisbin submits the following list of exhibits that it expects to offer at trial in support of its claims. This list does not include any exhibits solely intended to be used on rebuttal and Brisbin reserves the right to use said rebuttal exhibits.

1.      Credit Application dated March 20, 2002

2.      Summary of Vulcan's invoices to CDS and CDS's payments to Vulcan and balance due.

3.      Vulcan's unpaid invoices, with delivery tickets.

4.      Vulcan's paid invoices, with delivery tickets.

5.      Vulcan's credit memo dated January 31, 2010.

6.      Vulcan's pre-bid quotation to CDS.

7.      Vulcan's pre-bid quotations to other bidders.

8.      CDS's letter to Vulcan dated April 30, 2010.

9.      CDS's checks to Vulcan.

### B. Vulcan's Exhibits

Vulcan submits the following list of exhibits that it expects to offer at trial in support of its

counterclaims. This list does not include any exhibits solely intended to be used on rebuttal and Vulcan reserves the right to use said rebuttal exhibits.

1.   Credit Application dated March 20, 2002

2.   Summary of Vulcan's invoices to CDS and CDS's payments to Vulcan and balance due.

3.   Vulcan's unpaid invoices, with delivery tickets.

4.   Vulcan's paid invoices, with delivery tickets.

5.   Vulcan's credit memo dated January 31, 2010.

6.   Vulcan's pre-bid quotation to CDS.

7.   Vulcan's pre-bid quotations to other bidders.

8.   CDS's letter to Vulcan dated April 30, 2010.

9.   CDS's checks to Vulcan.

**C. Western's Exhibits**

Western incorporates by reference all exhibits listed by its principal and reserves the right to use them as evidence at trial.

**IX.  Discovery Documents To Be Used At Trial (Answers To Interrogatories And Responses To Requests For Admissions**

None.

**X.  Further Discovery or Motions**

On June 17, 2013, Vulcan filed a motion to compel the attendance of CDS's expert witnesses at deposition or for an order barring CDS from calling expert witnesses at trial, and for sanctions against CDS.  The hearing on said motion is scheduled for July 3, 2013.

**XI.  Stipulations**

None.

**XII.  Amendments/Dismissals**

None.

**XIII.  Settlement Negotiations**

Brisbin believes that a court-supervised settlement conference involving all parties would be appropriate.

Vulcan believes that a court settlement conference between itself and Western would be productive. Vulcan does not believe CDS's attendance at a settlement conference would productive.

Western believes that a court-supervised settlement conference involving all parties would be appropriate.

**XIV.  Agreed Statement**

The parties do not believe that a presentation of all or part of the action upon an Agreed Statement of Fact is feasible or advisable.

**XV.  Separate Trial Of Issues**

The parties do not seek a separate trial of issues.

**XVI.  Impartial Experts - Limitation Of Experts**

The parties do not believe that court appointment of experts or a limitation on the number of experts is advisable.

**XVII. Attorneys' Fees**

Brisbin/CDS and Western do not seek an award of attorneys' fees. Vulcan seeks an award of attorneys' fees.

**XVIII. Trial Exhibits**

The parties are not aware of any need for the special handling of exhibits.

**XIX. Trial Protective Order**

N/A.

**XX. Further Trial Preparation**

    **A. Final Witness List**

The parties are ordered to file and serve their final list of witnesses by Thursday, November 7, 2013. Additionally, at that time the parties shall disclose the order of witnesses so that the opposing parties will be prepared for cross-examination. Except upon the showing set forth above in section VII, a party may not add witnesses to the final list of witnesses, or to any other updated witness list, who are not disclosed in this Order in Section VII.

    **B. Trial Briefs**

The parties may file and serve a Trial Brief by Tuesday, October 15, 2013. Local Rule 16-285. Responding briefs may be filed by Monday, October 21, 2013. The parties need not include in the Trial Brief any issue that is adequately addressed in a motion in limine or in an opposition brief to a motion in limine.

    **C. Duty of Counsel to Pre-Mark Exhibits**

The parties are ordered to confer at their earliest convenience for the purposes of pre-marking and examining each other's exhibits. All joint exhibits must be pre-marked with numbers preceded by the designation JT/-- (e.g., JT/1, JT/2). All of Plaintiff's/Cross-Defendants' exhibits shall be pre-

marked with numbers.  All of Defendant's/Cross-complainant's exhibits shall be pre-marked with letters.

1.  Counsel shall create four (4) complete, legible sets of exhibits in binders as follows:

(a) Two sets of binders to be delivered to Courtroom Clerk Harold Nazaroff by Thursday, November 7, 2013, one for use by the Courtroom Clerk and the other for the Court; and

(b) One set for each counsel's own use.

If the parties desire, they may have a fifth set of binders to be used for the purposes of questioning witnesses.

2.  Counsel are to confer and make the following determination with respect to each proposed exhibit to be introduced into evidence, and to prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits:

(a)  Duplicate exhibits, i.e., documents which both sides desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above.  Joint exhibits shall be listed on a separate index, and shall be admitted into evidence on the motion of any party, without further foundation.

(b)  As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked, e.g., Plaintiff's Exhibit 1 or Defendant's Exhibit A, and shall  be listed in the offering party's index in a column entitled "Admitted In Evidence."  Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

(c) Those exhibits to which the only objection is a lack of foundation shall be marked appropriately, e.g., Plaintiff's Exhibit 2 - For Identification, or Defendant's Exhibit B - For Identification, and indexed in a column entitled "Objection Foundation."

(d) Remaining exhibits as to which there are objections to admissibility not solely

11

based on a lack of foundation shall likewise be marked appropriately, e.g., Plaintiff's Exhibit 3 - For Identification or Defendant's Exhibit C - For Identification, and indexed in a third column entitled "Other Objection" on the offering party's index.

3. Each separate index shall consist of the exhibit number or letter, a brief description of the exhibit, and the three columns outlined above, as demonstrated in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED INTO EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

Two sets of the completed joint index and the separate indexes shall be delivered to the Courtroom Clerk with the two sets of binders.

The Court has no objection to counsel using copies.  However, the copies must be legible.  If any document is offered into evidence that is partially illegible, the Court may sua sponte exclude it from evidence.

**D.  Discovery Documents**

N/A.

**E.  Motions In Limine Hearing and Briefing Schedule**

The hearing for motions in limine will be held on Monday, October 28, 2013 at 1:30 p.m.  In addition to addressing any filed motions in limine, at that time the Court will also settle, to the extent possible, any other matter pertaining to the conduct of the trial.  Counsel are expected to be fully cognizant of the legal issues involved in the case by the date of the hearing for motions in limine.

By 4:00 p.m. on Tuesday, October 1, 2013, all motions in limine, with supporting points and authorities, shall be filed and served either personally or by facsimile upon opposing counsel.

By 4:00 p.m. on Tuesday, October 15, 2013, opposition to any motion in limine shall be filed and served either personally or by facsimile upon opposing counsel.  If a party does not oppose a motion in limine, that party shall file and serve in the same manner a Statement of Non-Opposition

12

to that motion in limine.

By 12:00 p.m. on Monday, October 21, 2013, any reply to an opposition shall be filed and served either personally or by facsimile upon opposing counsel.  Because the Court will need time to prepare for the hearing on October 28, 2013, the Court is not inclined to consider late reply briefs.

### F.  Morning Conferences During Trial

During the trial, it is the obligation of counsel to meet with the Court each morning to advise the Court and opposing counsel as to what documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon.  The Court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury.  If the ruling depends upon the receipt of testimony, the Court will rule as requested upon the receipt of such testimony.

The Court shall consider any other legal matter at morning conferences as well.  The Court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

### G.  Use Of Videotape and Computers

Any party wishing to use a videotape for any purpose during trial shall lodge a copy of the videotape with the Courtroom Clerk by 4:00 p.m. on Thursday, November 7, 2013.  If a written transcript of audible words on the tape is available, the court requests that the transcript be lodged with the court, solely for the aid of the court.

If counsel intends to use a laptop computer for presentation of evidence, they shall contact the courtroom deputy clerk at least one week prior to trial.  The courtroom deputy clerk will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's equipment interacts with the court's audio/visual equipment.  If counsel intends to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

### H.  Order Of Witnesses

In order to make the trial operate efficiently and smoothly, each counsel has the continuing obligation to advise opposing counsel as to what witnesses he or she intends to call twenty-four (24) hours prior to calling that witness.

**I.  Proposed Jury Instructions**

The parties shall file and serve proposed jury instructions by 4:00 p.m. on Monday, October 21, 2013.  A copy of the instructions, preferably formatted for Microsoft Word 2010, should be emailed to awiorders@caed.uscourts.gov.  All proposed jury instructions shall be in duplicate.  One set shall indicate the party proposing the instruction, with each instruction numbered or lettered, shall cite supporting authority, and shall include the customary "Given, Given as Modified, or Refused," showing the court's action with regard to each instruction.  The other set shall be an exact copy of the first set, but shall be a "clean" copy that does not contain the identification of the offering party, instruction number or letter, supporting authority, or reference to the court's disposition of the proposed instruction.

The parties are ordered to confer after the trial confirmation hearing to determine which instructions they agree should be given.  As soon as possible thereafter, the parties shall submit a list of joint, unopposed instructions.  As to those instructions to which the parties dispute, the court will conduct its jury instruction conference during trial at a convenient time.

**J.  Voir Dire**

The parties shall file and serve proposed voir dire questions, if any, by 4:00 p.m. on Thursday, November 7, 2013.  Further, in order to aid the court in the proper voir dire examination of the prospective jurors, counsel should lodge with the court on the first morning of trial a list of all prospective witnesses, including rebuttal witnesses, that counsel reasonably expect to call.  The purpose of the lists is to advise the prospective jurors of possible witnesses to determine if a prospective juror is familiar with any potential witness.

**K.  Agreed Summary Of The Case**

The parties shall lodge with the Courtroom Clerk a joint agreed summary of the case, briefly

14

outlining the positions of the parties by 4:00 p.m. on Thursday, November 7, 2013.  The summary will be read to the jury panel at the outset of the trial solely for the purposes of assisting in the jury selection process.  The contents of the summary shall not be deemed to be evidence or an admission or stipulation by a party as to any contested fact or issue.

## XXI.  Objections to Pretrial Order

Any party may, within ten (10) calendar days after the date of service of this order, file and serve written objections to any of the provisions of this order.  Local Rule 16-283.  Such objection shall specify the requested corrections, additions or deletions.

## XXII.  Rules of Conduct During Trial

### A.  General Rules

1.  All participants in the trial shall conduct themselves in a civil manner.  There shall be no hostile interchanges between any of the participants.

2.  All oral presentations shall be made from the podium, unless otherwise permitted by the court.

3.  Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

4.  Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

### B.  Jury Selection

1.  The court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the court has concluded its questioning of the jury panel.  In some circumstances, the court may allow brief direct questioning by counsel.

### C.  Opening Statements

1. Counsel may use visual aids in presenting the opening statement. However, any proposed visual aids shall be shown to opposing counsel before opening statement.

### D. Case in Chief

1. Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

2. At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

### E. Witnesses

1. Before approaching a witness, counsel shall secure leave of court to approach the witness.

2. Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

### F. Exhibits

1. All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.

2. An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

3. The Court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

### G. Objections

1. No speaking objections or arguments are permitted in the presence of the jury. Counsel shall state the specific legal ground(s) for the objection, and the court will rule based upon the ground(s) stated. The Court will permit counsel to argue the matter at the next recess.

2. The Court will not assume that any objection made also implies with it a motion to strike an answer that has been given. Therefore, counsel who has made an objection, and who also

wishes to have an answer stricken, shall also specifically move to strike the answer.

**H.  Closing Argument**

1. Counsel may use visual aids in presenting the closing argument.  However, any proposed visual aids shall be shown to opposing counsel before closing argument.

FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.

IT IS SO ORDERED.

Dated:   July 8, 2013   _____

SENIOR  DISTRICT  JUDGE