James D. Lipschultz, Esq. (CSB # 104642)
jlipschultz@landslawyers.com
**LIPSCHULTZ & SCHERAGO LLP**
12400 Wilshire Boulevard, Suite 920
Los Angeles, California 90025
Tel:  310-820-3311
Fax: 310-820-3320

Attorneys for Defendant and
Counter-Claimant

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. BRISBIN, an individual, dba CONSTRUCTION DEVELOPMENT SYSTEMS,<br><br>Plaintiff,<br><br>v.<br><br>VULCAN MATERIALS COMPANY, a New Jersey corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 1:11-CV-00568-AWI-SKO<br><br>**STIPULATION TO AMEND SCHEDULING ORDER TO ALLOW DEPOSITIONS OF EXPERT WITNESSES; ORDER THEREON** |
| THE UNITED STATES OF AMERICA, for the Use and Benefit of CALMAT CO., a Delaware corporation, dba VULCAN MATERIALS COMPANY – WESTERN DIVISION; et al,<br><br>Counter-Claimants<br><br>v.<br><br>JOHN C. BRISBIN, an individual, dba CONSTRUCTION DEVELOPMENT SYSTEMS; WESTERN SURETY COMPANY, a South Dakota corporation,<br><br>Counter-Defendant | |

IT IS HEREBY STIPULATED by and between Plaintiff and Counter-Defendant JOHN C. BRISBIN, an individual, dba CONSTRUCTION DEVELOPMENT SYSTEMS ("BRISBIN"), Defendant and Counter-Claimant CALMAT CO., a Delaware corporation, dba VULCAN MATERIALS COMPANY – WESTERN DIVISION ("VULCAN") and Counter-Defendant WESTERN SURETY COMPANY, a South Dakota corporation ("WESTERN"), through their respective counsel, as follows:

1.      The Scheduling Order in this case shall be amended to allow for VULCAN to take the depositions of Brian Hall, Tim Kempkes and John Brisbin, the expert witnesses designated by BRISBIN.

2.      BRISBIN shall make said witnesses available for deposition on or before August 30, 2013.

3.      No other provision of the Scheduling Order or the Pretrial Order are sought to be amended by this Stipulation.

Good cause exists for this Stipulation as evidenced by the following facts:

1.      On July 12, 2011, the Court issued its initial Scheduling Order in the case setting a trial date of July 17, 2012, and, as is relevant to this Stipulation, a deadline for completion of expert discovery of January 31, 2012.

2.      On December 29, 2011, the parties filed a Stipulation requesting to amend the Scheduling Order and continue all deadlines by 60 days to allow the parties to engage in mediation.  On January 5, 2012, the Court approved the request and continued the trial to September 18, 2012, and, as is relevant to this Stipulation,

1   continued the deadline for completion of expert discovery to March 16, 2012.

2

3         3.      In January, 2012, due to BRISBIN's health reasons, BRISBIN was

4   unable to participate in mediation and unable to participate in depositions.

5   Accordingly, on January 26, 2012, the parties submitted a Stipulation to continue

6   the trial date and all other deadlines in the case.  The Stipulation was approved by

7   the court and pursuant to Order filed February 3, 2012, the trial date was continued

8   to November 27, 2012 and, as is relevant to this Stipulation, the deadline for

9   completion of expert discovery was continued to May 16, 2012.

10

11        4.      On May 11, 2012, the parties filed a Stipulation requesting a further

12  modification of the Scheduling Order due to Plaintiff Brisbin's ongoing health

13  problems.  By Order dated May 15, 2012, the Court extended the completion of

14  expert discovery to July 31, 2012.

15

16        5.      On July 17, 2012, a Mandatory Settlement Conference was held before

17  the Court.  Plaintiff BRISBIN did not appear at the Mandatory Settlement

18  Conference, and counsel for BRISBIN advised the Court that based upon

19  BRISBIN's medical condition, an additional continuance of the trial date and all

20  deadlines would be sought.

21

22        6.      On August 16, 2012, the parties submitted another Stipulation to

23  continue the trial date and related dates.  Pursuant to the Court's Order dated August

24  24, 2012, the Court approved the parties' Stipulation and the trial was continued to

25  March 26, 2013 and the parties were ordered to meet and confer and file a further

26  Stipulation regarding the remaining deadlines in the case.

27        7.      On August 29, 2012, the parties submitted a further Stipulation

28  pursuant to which the deadline for completion of expert discovery would be

continued to December 14, 2012.  That Stipulation was approved by the Court's

Order filed September 4, 2012.  Thereafter, during October and November,

BRISBIN and VULCAN served Supplemental Expert Witness Disclosures and

revised Supplemental Expert Witness Disclosures in preparation for the expert

witness depositions.

8.     In November, 2012, former counsel for BRISBIN and WESTERN

advised counsel for VULCAN that he was substituting out of the case and that

BRISBIN and WESTERN would be getting new counsel.  The Orders granting the

request for substitution of counsel were filed in the beginning of December.

9.     In mid-December, 2012, new counsel for BRISBIN and WESTERN

advised counsel for VULCAN that they intended to seek a continuance of all dates

in the case, including the Mandatory Settlement Conference which was scheduled

for January 8, 2013.  Counsel for BRISBIN also advised the he was seeking current

information on BRISBIN's medical condition in an effort to get a realistic date for

the continuance of the trial and related dates, including the expert discovery

completion date.   However, because the Mandatory Settlement Conference was

only 3 weeks away, the parties signed a Stipulation which only requested a

continuance of the Settlement Conference, and that was approved and ordered by

the Court on January 2, 2013.   The Settlement Conference was continued to March

8, 2013.

10.     Thus, due to the confusion caused by the numerous prior continuances

requested by BRISBIN, the substitution of new counsel for BRISBIN and

WESTERN, the holiday season, and the pressing need to continue the Settlement

Conference, the deadline for completion of the expert depositions (the only

discovery remaining to be conducted in the case) was inadvertently not included in

the stipulation to continue the Settlement Conference.

11.     On January 25, 2013, the Court issued a Minute Order vacating the Pretrial Conference and Trial date and ordered the parties to select new dates for same.

12.     On January 28, 2013, the parties filed a Stipulation seeking to continue the Pretrial Conference and Trial dates due to BRISBIN's continued medical condition.  This Stipulation had been prepared prior to the Court's January 25, 2013 Minute Order which is why it did not squarely address the Court's request for new dates for the Pretrial Conference and Trial date.  On January 31, 2013, the Court ordered the schedule modified and continued the Pretrial Conference to June 26, 2013, and the trial date to August 20, 2013.

13.     On March 6, 2013, the Court continued the Settlement Conference scheduled for March 8, 2013 to March 29, 2013 due to BRISBIN's failure to comply with the requirements set forth in the Court's December 6, 2012 Order Re Settlement Conference.

14.     On March 19, 2013, the Court vacated the Settlement Conference due to BRISBIN's continued failure to comply with the Court Order Re Settlement Conference.

15.     On April 25, 2013, VULCAN served Notices of the depositions of the expert witnesses designated by BRISBIN.  Thereafter, the depositions were continued on 2 occasions based on requests by BRISBIN.   BRISBIN did not object to the taking of the depositions on any grounds.  BRISBIN did not produce his experts for deposition on the dates agreed upon.

5

1

2      16.    On June 26, 2013, a Pretrial Conference was held before District Judge

3   Ishii, and the trial was continued to November 13, 2013.

4

5      17.    By this Stipulation, the parties do not seek to continue the trial date and

6   only seek to allow VULCAN to conduct the expert depositions which it had

7   previously noticed.

8

9      18.    The parties agree that there will be no prejudice suffered by any party

10   as a result of VULCAN being allowed to take these depositions, and the parties

11   agree that they shall not use this proposed amendment to the Scheduling Order as a

12   grounds to continue the trial date in the future.

13        IT IS SO STIPULATED.

14
15   DATED:  July 12, 2013          DOYLE & SCHALLERT

16
17                                 By:  /s/ David D. Doyle (as authorized on 7/12/13)

18                                      David D. Doyle, Esq.
                                        Attorneys for John C. Brisbin, dba Construction
19                                      Development Systems and Western Surety
                                        Company

20

21   DATED:  July 12, 2013          LIPSCHULTZ & SCHERAGO LLP
22

23                                 By:  /s/ James D. Lipschultz
24
                                        James D. Lipschultz
25
                                        Attorneys for Defendant and Counter-Claimant
26                                      CALMAT CO., a Delaware corporation, dba
                                        VULCAN MATERIALS COMPANY –
27                                      WESTERN DIVISION

28

DATED:  July 11, 2013          DOWLING AARON INCORPORATED

By:  /s/ James D. Burnside (as authorized on 7/11/13)

James D. Burnside, III, Esq.

Attorneys for Western Surety Company

## ORDER

Based upon the parties' above Stipulation, IT IS HEREBY ORDERED that:

1.     The Scheduling Order in this case shall be amended to allow for VULCAN to take the depositions of Brian Hall, Tim Kempkes and John Brisbin, the expert witnesses designated by BRISBIN;

2.     BRISBIN shall make said witnesses available for deposition on or before August 30, 2013; and

3.     No other provisions of the Scheduling Order or the Pretrial Order are amended by this Stipulation.

IT IS SO ORDERED.

Dated:   **July 16, 2013**                    **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE